IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD MORGAN,

                Plaintiff,

v.                                  Case No. 17-2300-JPO

CENTRAL RV, INC.,

                Defendant.

## ORDER

The plaintiff, Todd Morgan, brings this diversity action against the defendant, Central RV, Inc., alleging violations of the Kansas Consumer Protection Act, breach of implied warranty of merchantability, negligence, and fraud arising from the sale of a recreational travel trailer. Plaintiff has filed a motion (ECF No. 42) asking the court to compel defendant to fully respond to an interrogatory (No. 2). For the reasons stated below, the motion is granted in part and denied in part.

Interrogatory No. 2 reads as follows:

For each year since 2013, inclusive, identify the following:

    a. The number of travel trailers You have sold;

    b. The number of those travel trailers which were titled outside the state of Kansas at the time You took ownership;

    c. The number of travel trailers which You sold and which had a salvage brand at the time You took ownership;

    d. The number of travel trailers which You sold, which had a salvage brand at the time You took ownership, and for which You applied for a Kansas Certificate of Title prior to selling the travel trailer.

2:17-cv-02300-JPO     Document 47     Filed 03/15/18     Page 2 of 5

Defendant has objected to the interrogatory as irrelevant, overly broad, and unduly burdensome.

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1]  Relevance, at the discovery stage, is broadly construed.[2]  "'[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense" will be deemed relevant.[3]  Proportionality is to be determined by considering, to the extent applicable, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[4]

The court has no trouble concluding the information sought is relevant.  The crux of plaintiff's claims is that defendant actively concealed the fact that the trailer sold to

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] *See Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL-GEB, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).

[3] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling the *Oppenheimer* standard still relevant after the 2015 amendment to Rule 26(b)(1)).  *See also Waters v. Union Pac. R.R. Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." (internal quotations and citation omitted)).

[4] Fed. R. Civ. P. 26(b)(1).

plaintiff was a salvage vehicle, and that defendant "washed" the certificate of title to the trailer as a part of that active concealment.  Despite defendant's frivolous assertion that this case has "nothing to do with sales of travel trailers to other parties,"[5] information regarding an alleged "pattern and practice of washing titles in the state of Kansas" is plainly relevant to plaintiff's claims.[6]  To the extent that defendant's breadth objection similarly challenges the relevance of sales to non-parties, the objection is overruled.

Defendant's burdensome argument warrants more consideration.  As the party objecting to discovery, defendant has "the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[7]  This imposes an obligation on defendant "to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure" required to respond to the requested discovery.[8]  A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.[9]  Discovery will be allowed unless the

---

[5] ECF No. 44 at 1.

[6] ECF No. 1.

[7] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc*., 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991)).

[8] *Id.*

[9] *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004) (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004), *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003) (objecting party cannot sustain burden with boilerplate claims that requested discovery is

hardship imposed on the responding party is unreasonable compared to the benefits to be secured from the discovery.[10]

Defendant has submitted the affidavit of Jamie Kimmi, Central RV, Inc.'s Human Resources Manager, to support its burdensome objection.[11]  Ms. Kimmi asserts that Central RV, Inc. sells approximately 250 travel trailers every year, and that if she "were to pull each file, it would take approximately five (5) minutes per file making the entire process of gathering information take at least one week."[12]  Plaintiff does not dispute the volume of sales and/or files, and similarly claims the review process would take "a few minutes per file."[13]

Interestingly, neither party makes reference to Fed. R. Civ. P. 33(d), which gives parties responding to interrogatories the option, in some circumstances, of producing business records as a method of answering an interrogatory.  Specifically, "[i]f the answer to an interrogatory may be determined by" reviewing business records, "and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed"

---

burdensome), and *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003) (overruling objection of undue burden based in part on lack of affidavit or other proof)).

[10] *McBride v. Medicalodges, Inc.*, Nos. 06-2535, 06-2536, 06-2538, 2008 WL 1958350, at *4 (D. Kan. May 2, 2008).

[11] ECF No. 44-2.

[12] *Id.*

[13] ECF No. 42 at 9.

and "giving the interrogating party a reasonable opportunity to examine and audit the records."[14]

The court is mindful of defendant's resources and the time purportedly required to compile the requested information, but finds no reason why defendant cannot invoke the procedure offered by Rule 33(d) to alleviate its burden.  Accordingly, the court overrules defendant's burdensome objection, but denies plaintiff's motion to compel to the extent it seeks a written response to plaintiff's Interrogatory No. 2.

IT IS THEREFORE ORDERED that plaintiff's motion to compel (ECF No. 42) is granted in part and denied in part.  By **March 22, 2018**, defendant must make its original records available for plaintiff's review.  Per the informal request of defense counsel, and without objection by plaintiff, the pretrial conference is re-scheduled to **April 18, 2018, at 9:00 a.m. in Courtroom 223 in Kansas City**.  The parties' deadline to submit their proposed pretrial order is now **April 11, 2018**.  Because presumably plaintiff's counsel will need to review the subject sales records before conducting a "30(b)(6)" deposition of defendant, which is currently noticed for March 19, 2018 (*see* ECF No. 45), the court on its own motion is extending the existing March 23, 2018 discovery cutoff to **April 5, 2018**, but only for production of the subject records and the corporate deposition; counsel should confer and agree on a new date for said deposition.

Dated March 15, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[14] Fed. R. Civ. P. 33(d).