IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD MORGAN,

                Plaintiff,

v.                                                  Case No. 17-2300-JPO

CENTRAL RV, INC.,

                Defendant.

## **ORDER**

The plaintiff, Todd Morgan, claims that the defendant, Central RV, Inc., violated the Kansas Consumer Protection Act and engaged in fraud and/or fraud by silence in connection with the sale of a recreational travel trailer. A jury trial is scheduled to begin on October 1, 2018. On August 1, 2018, the parties timely filed their final witness and exhibit disclosures as required by Fed. R. Civ. P. 26(a)(3). Defendant now seeks to exclude eight witnesses from plaintiff's witness list whom defendant claims were not previously disclosed. For the reasons set forth below, defendant's motion (ECF No. 59) is granted in part and denied in part.

Defendant asks the court to strike eight witnesses not specifically identified in plaintiff's initial disclosures under Fed. R. Civ. P. 26(a)(1): Michael Becker, Jeff Engberg, Carrie Turpin, Paul Nelson, Ed Burr, Ellen Hermance, Kathleen McCord, and Steven Wilson. Plaintiff contends these witnesses are encompassed in the catch-all

1

provision of his Rule 26(a)(1) disclosures, which identifies "[a]ny other persons or businesses listed in the documents produced by the parties, or non-parties."[1] Five witnesses—Ms. Hermance, Ms. McCord, Mr. Wilson, Mr. Nelson, and Mr. Burr—were identified in documents produced by defendant on December 20, 2017. Ms. Hermance, Ms. McCord, and Mr. Wilson purportedly made complaints about defendant to the Better Business Bureau and/or the Kansas Attorney General. Mr. Nelson, an employee of the Better Business Bureau, and Mr. Burr, an employee of the Office of Kansas Attorney General, supposedly forwarded said complaints to defendant and received written responses from defendant.[2] The remaining witnesses—Mr. Becker, Mr. Engberg, and Ms. Turpin—were identified by plaintiff on December 7, 2017, in response to defendant's interrogatory inquiring as to persons having knowledge of plaintiff's emotional-distress claim.[3]

Under Fed. R. Civ. P. 26(a)(1)(A)(i), plaintiff was required to provide, without

---

[1] ECF No. 62 at 2.

[2] Plaintiff further notes that he identified Ms. Hermance, Ms. McCord, and Mr. Wilson in his deposition notice under Fed. R. Civ. P. 30(b)(6) (and in an amended 30(b)(6) deposition notice), and asked about these individuals and their respective complaints during the deposition. The deposition notice was served on March 9, 2018, just two weeks before the close of discovery and after the scheduling-order deadline for supplementing disclosures expired. *See* ECF No. 12. The amended deposition notice was served on March 22, 2018, after the court had extended discovery only for the limited purpose of the corporate deposition. *See* ECF No. 47. Accordingly, any identification in connection with the deposition is untimely.

[3] ECF No. 62-1 at 11.

2

awaiting a discovery request by defendant, initial disclosures with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." Under Fed. R. Civ. P. 26(e), plaintiff was required to supplement his Rule 26(a) disclosures in a timely manner upon learning that they were "incomplete or incorrect, and if additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under Fed. R. Civ. P. 37(c)(1), if a party fails to identify a witness "as required by Rule 26(a) or (e), the party is not allowed to use that … witness to supply evidence … unless the failure was substantially justified or is harmless."[4] The determination of whether the "violation is justified or harmless is entrusted to the broad discretion of the district court."[5] Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose,"[6] the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the

---

[4] In addition to or instead of disallowing the use of the undisclosed witness, Rule 37(c)(1) gives the court discretion to impose other appropriate sanctions.

[5] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)); *see also Chambers v. Fike*, No. 13-1410, 2014 WL 3565481, at *4 (D. Kan. July 18, 2014).

[6] *Woodworker's Supply*, 170 F.3d at 993.

potential for trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness.[7]

As an initial matter, the court is unpersuaded by plaintiff's assertion that each of the subject witnesses was properly identified in his Rule 26(a)(1) disclosures via the catchall provision identifying "[a]ny other persons or businesses listed in the documents produced by the parties, or non-parties." That is, were plaintiff's assertion true, even in a case that's not document-intensive, that would constitute a broad license to "sand-bag" the opposing party and inevitably lead to trial by ambush, something the Federal Rules are designed to avoid. Still, the extent to which the witnesses were identified in discovery is relevant to whether plaintiff had a duty to supplement his initial disclosures under Rule 26(e), and to whether plaintiff's failure to disclose is harmless within the meaning of Rule 37(c)(1).

Becker, Engberg, and Turpin

Defendant asserts that although plaintiff identified Mr. Becker, Mr. Engberg, and Ms. Turpin in his December 2017 interrogatory answer as individuals having knowledge of plaintiff's emotional distress, these witnesses were deemed irrelevant (and defendant had no incentive to depose them) when plaintiff later dropped his emotional-distress

---

[7] *Id.*; *Gutierrez v. Hackett*, 131 Fed.Appx. 621, 625–26 (10th Cir. 2005) (applying the *Woodworker's Supply* factors); *Scottsdale Ins. Co. v. Deere & Co.*, 115 F.Supp.3d 1298, 1305 (D. Kan. 2015); *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413, 2014 WL 3927277, at *4 (D. Kan. Aug. 12, 2014).

claim. Plaintiff claims he only anticipates calling these witnesses for impeachment purposes, and therefore, they need not be disclosed under Rule 26(a). Specifically, plaintiff claims the witnesses will be called only if defendant (or one of its witnesses) argues or testifies that plaintiff learned of the salvage history of the RV before the sale.

The court agrees with defendant that because Mr. Becker, Mr. Engberg, and Ms. Turpin were identified only in connection with a dropped claim, plaintiff's interrogatory answer is an insufficient substitute for serving formal Rule 26(e) disclosures. Plaintiff provides no explanation for his failure to disclose, such that the court cannot find the failure to be substantially justified. Further, defendant's failure to disclose is not harmless. Although there is no evidence of bad faith, other factors weigh against a finding of harmlessness. First, because Mr. Becker, Mr. Engberg, and Ms. Turpin were previously referenced in discovery only in connection with a dropped claim, the inclusion of these witnesses on plaintiff's final witness list understandably comes as a surprise. Defendant chose not to depose these witnesses after plaintiff dropped his emotional distress claim, and discovery is now closed. Given the unknown nature of the testimony and the fast-approaching trial setting, the court finds defendant's prejudice cannot be cured (as plaintiff suggests) merely by allowing defendant to depose these witnesses.

Of course, as plaintiff observes, Rule 26(a) doesn't require disclosure of witnesses that will be "used solely for impeachment." Thus, plaintiff may still be permitted to introduce impeachment testimony from Mr. Becker, Mr. Engberg, and Ms. Turpin. On this limited record, however, the court makes no ruling as to the proper scope or

admissibility of such testimony. That is, even should defendant assert at trial that plaintiff learned of the salvage history before the sale, it's less than clear how that would qualify Mr. Becker, Mr. Engberg, and Ms. Turpin as impeachment witnesses.

<u>Hermance, McCord, Wilson, Nelson, and Burr</u>

Plaintiff technically violated Rule 26(e) in failing to supplement his disclosures to specifically list Ms. Hermance, Ms. McCord, Mr. Wilson, Mr. Nelson, and Mr. Burr as potential witnesses. An opposing party's awareness that a person "occupied a position at issue in this case" clearly is not a substitute for the disclosure of the person as a potential witness.[8] However, in applying Rule 37(c)(1), the court finds plaintiff's failure to disclose is harmless.

As indicated above, there's no indication that plaintiff acted willfully or in bad faith in failing to supplement his disclosures. And unlike Mr. Becker, Mr. Engberg, and Ms. Turpin, defendant clearly knew about the remaining witnesses and their relationship to this case. Indeed, the complaints purportedly made by Ms. Hermance, Ms. McCord, and Mr. Wilson (and the surrounding correspondence) are listed in plaintiff's final exhibit list and defendant has lodged no objection on the basis of untimeliness or surprise. Plaintiff asserts two of the witnesses—Mr. Nelson and Mr. Burr—would be called primarily to authenticate certain of these documents, all of which were produced by

---

[8] *See Mehus v. Emporia State Univ.*, 326 F.Supp.2d 1213, 1218–19 (D. Kan. 2004) (excluding testimony of persons not disclosed in initial or supplemental Rule 26 disclosures, despite the fact that opposing party was well aware that the person had relevant knowledge).

defendant.  Further, as defendant's motion candidly acknowledges, to avoid trial by ambush, any potential prejudice or surprise can be cured by allowing defendant to depose these witnesses; given the scope of the testimony and defendant's familiarity with the individuals, the court anticipates this will be a short process that can be completed without disrupting the trial setting.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Defendant's motion to strike (ECF No. 59) is granted in part and denied in part.

2. Discovery is extended until September 21, 2018, but only for the limited purpose of allowing defendant to depose Ms. Hermance, Ms. McCord, Mr. Wilson, Mr. Nelson, and Mr. Burr, if it so chooses.  The duration of each of these depositions is limited to one hour.

Dated August 29, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge