UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD MORGAN,

                Plaintiff,

v.                                  Case No. 17-2300-JPO

CENTRAL RV, INC.,

                Defendant.

## **ORDER IN LIMINE**

The plaintiff, Todd Morgan, claims that the defendant, Central RV, Inc., violated the Kansas Consumer Protection Act ("KCPA") and engaged in fraud by silence in connection with the sale of a recreational travel trailer. A jury trial is scheduled to begin on October 1, 2018. Currently before the court are the parties' motions in limine (ECF Nos. 74 and 75). As explained below, plaintiff's motion is granted in part and denied in part, and defendant's motion in limine likewise is granted in part and denied in part.

**I.**    **Governing Legal Standards**

In ruling on motions in limine, the court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence

1

contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.[1]

## I. Plaintiff's Motion in Limine (ECF No. 75)

Plaintiff moves the court to preclude defendant from eliciting testimony about the value of the subject recreational travel trailer ("the Rockwood RV") from any witness other than plaintiff or Brad Jacobs. Plaintiff asserts that testimony about the value of the Rockwood RV requires scientific, technical, or other specialized knowledge that only a disclosed expert witness could provide.[2] Defendant has not disclosed any expert witnesses, retained or otherwise.

Defendant agrees that lay witnesses may not express an opinion regarding the value of the Rockwood RV.[3] Defendant asserts, however, that its corporate

---

[1] *BHC Dev., LC v. Bally Gaming, Inc.*, No. 12-2393, 2014 WL 524665, at *7 (D. Kan. Feb. 10, 2014) (quoting *Schipper v. BNSF Ry. Co.*, No. 07-2249, 2009 WL 997149, at *1 (D. Kan. Apr. 14, 2009) and *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F.Supp.2d 1078, 1082 (D. Kan. 2000)).

[2] *See* ECF No. 81 at 2 ("Clearly, testimony about the value of the RV is expert testimony.").

[3] Specifically, in seeking to exclude expert testimony from Brad Jacobs, defendant asserts that opinion testimony regarding "the value of an RV or this RV with and without a salvage title … is encompassed by Rule 702 because it constitutes testimony that would need to be based on scientific, technical or specialized knowledge under Rule 702." ECF No. 74 at 4.

2

representative, Nick Ford, should be permitted to testify "as to his personal observations and experience in selling the RV at issue to [p]laintiff and similar RV's at Central RV, Inc."[4]

Under Fed. R. Evid. 701, lay witnesses may give opinion testimony only if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[5] "Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'"[6]

---

[4] ECF No. 77 at 2.

[5] Despite the absence of any reference to Kansas law in the parties' briefing, the court notes that "Rule 701(c) is covered by the *Erie* doctrine, as it was added to the Rules by amendment under the Rules Enabling Act, 28 U.S.C. § 2072, and was therefore not an act of Congress outside *Erie's* scope." *Kelchi Tp. V. Freightliner, LLC*, 592 Fed. Appx. 657, 672–73 (10th Cir. 2014) (citing *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1218 (10th Cir. 2011)). "As such, in the event of a conflict between Rule 701(c) and a state evidentiary rule, the federal rule must yield to its state counterpart unless 'application of the federal rule represents a valid exercise of the rulemaking authority.'" *Id.* (quoting *James River*, 658 at 1218). The parties fail to evince any conflict between state and federal law, and in any event, K.S.A. 60-456(a) similarly precludes lay witnesses from offering opinions "based on scientific, technical, or other specialized knowledge within the scope of subsection (b))."

[6] *Morton v. Progressive N. Ins. Co.*, No. 11-6082, 2012 WL 4801110, at *3 (10th Cir. Oct. 10, 2012) (quoting *James River Ins. Co. v. Rapid Funding, LLC,* 658 F.3d 1207, 1214 (10th Cir. 2011)).

3

As indicated above, the parties agree that opinion testimony regarding the value of the Rockwood RV requires specialized knowledge. Nonetheless, the precise nature of Mr. Ford's testimony that plaintiff seeks to exclude, and that which defendant seeks to introduce, is unclear. For example, defendant asserts Mr. Ford "will simply be testifying as to …. the price of the RV as purchased by [p]laintiff and … the typical price it is sold for at his business."[7] The court finds such testimony, if so limited, might be permissible under Rule 701. But to the extent defendant seeks to have Mr. Ford offer an opinion regarding the value of the subject Rockwood RV, or *any* RV, with and without salvage brand, plaintiff's motion in limine is granted, because the parties essentially agree that such testimony is encompassed by Rule 702, and because defendant has never served any disclosures under Fed. R. Civ. P. 26(a)(2)(C) indicating Mr. Ford would be testifying as a non-retained expert witness.

## II. Defendant's Motion in Limine (ECF No. 74)

Defendant moves the court to preclude the introduction of evidence about (and reference to) four matters.

### 1. Evidence or Statements that Defendant was "Washing Titles"

Defendant first moves the court to preclude plaintiff from arguing defendant has been "washing titles," on the grounds that the phrase "washing titles" (or "title washing") is conclusory and defamatory. Plaintiff counters that whether defendant engaged in title

---

[7] ECF No. 77 at 2.

washing, and hid that fact from plaintiff, is one of the allegations in this case. Indeed, plaintiff alleges that after purchasing the Rockwood RV with a Nebraska-issued salvage title, defendant "applied for a Kansas certificate of title which it knew would not bear any brands or otherwise indicate the [Rockwood RV's] salvage history," and subsequently sold the Rockwood RV to plaintiff without disclosing the vehicle's salvage history.[8] Plaintiff further alleges that "[d]efendant has a history of obtaining salvage travel trailers which are titled outside of the state of Kansas, 'washing' the salvage brand off of the titles by re-titling them in Kansas, and then selling those travel trailers without disclosure of the salvage history."[9]

In light of plaintiff's claims, and in light of defendant's failure to cite any supporting authorities, the court finds references to "title washing" should be permitted, and defendant's motion is denied.

2. Evidence or Statements Regarding the Number of Previously Salvaged Travel Trailers Defendant Sold

Next, defendant seeks to exclude evidence regarding "the number of travel trailers it sells that were previously salvaged versus the number of travel trailers sold that were not previously salvaged or new."[10] Without citing to any authority in a similar consumer-

---

[8] ECF No. 56 at 6.

[9] *Id.* at 7.

[10] ECF No. 74 at 2.

fraud case context, defendant simply asserts that such evidence is not relevant under Fed. R. Evid. 401. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Under the Rule 401 relevancy standard, the court has little trouble finding that defendant's history in dealing previously-salvaged vehicles could shed light on facts material to defendant's intent, an element of plaintiff's fraud-by-silence and KCPA claims. Defendant has failed to meet his burden of showing such evidence should be excluded as irrelevant, at least prior to trial, and accordingly, defendant's motion is denied.

    3.    <u>Expert Opinion or Unqualified Lay Testimony of Brad Jacobs</u>

Defendant seeks to exclude testimony from Brad Jacobs "as to the value of [the Rockwood RV] with and without a salvage title."[11] As noted above, defendant claims such testimony requires specialized knowledge that only a disclosed expert witness could provide. Defendant argues plaintiff has not disclosed any expert witnesses under Fed. R. Civ. P. 26(a)(2).

Plaintiff concedes that his lay witnesses may not testify in this regard. Plaintiff asserts, however, that he properly disclosed Mr. Jacobs as a non-retained expert under Fed. R. Civ. P. 26(a)(2)(C). Under Rule 26(a)(2)(C), disclosures of non-retained experts

---

[11] ECF No. 74 at 2.

must state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and "a summary of the facts and opinions to which the witness is expected to testify." Plaintiff notes that his Rule 26(a) disclosures identified Mr. Jacobs as "President of Jacobs Ford," indicated that Mr. Jacobs "would be able to authenticate and explain an appraisal he provided [p]laintiff for the subject RV on or about April 12, 2017," and were accompanied by a signed copy of the appraisal report.[12]

Nothing in the instant record suggests that Mr. Jacobs can be properly characterized as a "non-retained expert," i.e., that he wasn't "retained or specially employed to provide expert testimony in the case."[13] Still, to the extent the record is sufficiently unclear, the court declines to bar Mr. Jacobs from offering expert testimony, at least at this juncture.[14] Plaintiff is cautioned, however, that unless the record changes in some material way, it appears plaintiff failed to properly disclose Mr. Jacobs as a retained expert witness, and his testimony should be deemed inadmissible.

---

[12] ECF No. 79 at 5–6.

[13] Fed. R. Civ. P. 26(a)(2)(B).

[14] In light of this ruling, the court need not yet address whether Mr. Jacob's appraisal is separately admissible. The court notes, however, that on the instant record, the appraisal document appears to be inadmissible hearsay.

Finally, the court notes that although the title of defendant's third motion in limine refers only to Brad Jacobs, the text of the motion briefly suggests that plaintiff should not be permitted to offer a valuation opinion at trial. Plaintiff does not address this portion of defendant's motion in limine, but notes in briefs on other motions in limine that "as owner of the Rockwood, [he's] permitted to testify as an expert on the value of the Rockwood 'without further qualification.'"[15]

The precise nature of the valuation testimony that defendant seeks to exclude, and that which plaintiff seeks to introduce, is unclear. Accordingly, it's unclear whether plaintiff's testimony is admissible under Rules 701 or 702 of the Federal Rules of Evidence.[16] The court respectfully declines to enter any ruling on the admissibility of plaintiff's valuation testimony based on this scant record. To prevent the issue from coming to a head at trial, however, the court will allow the parties to submit supplemental briefing—limited to 5 double-spaced pages—in support of their respective positions by **September 25, 2018**. This briefing should address the admissibility of plaintiff's testimony under Rules 701 and/or 702, as well as any conflict between federal and Kansas law.[17]

4. Evidence Regarding Other Claims or Lawsuits

---

[15] ECF No. 84 at 3.

[16] To the extent plaintiff seeks to offer testimony under Fed. R. Evid. 702, it appears he has not been disclosed as an expert under Fed. R. Civ. P. Rule 26(a)(2).

[17] *See* FN 4.

Finally, defendant seeks to exclude reference to "any other lawsuit, claim, or complaint filed against [defendant] concerning the sale of any unrelated RV."[18] Defendant asserts such references are barred by Federal Rules of Evidence 401, 403, and 404(b).

As noted before, under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 403 provides that although relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Finally, under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"; however, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[19]

The court has no trouble finding that evidence of prior customer complaints filed against defendant—the only evidence specifically referenced in defendant's motion—

---

[18] ECF No. 74 at 4.

[19] Fed. R. Evid. 404(b)(2).

may be relevant to defendant's intent as an element of plaintiff's fraud-by-silence and KCPA claims. Without providing any information as to the customer complaints to be excluded, defendant has failed to meet its burden of showing such evidence is more prejudicial than probative, at least prior to trial. Defendant's motion is denied.

IT IS THEREFORE ORDERED that plaintiff's motion in limine (ECF No. 75) is granted in part and denied in part, and defendant's motion in limine (ECF No. 74) is granted in part and denied in part.

Dated September 20, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
